EARL CARPENTER & others *v.* HENRY WESTCOTT & others.

| 4 | 225 |
|---|---|
| 5 | 148 |

A court of equity will relieve remainder-men in a lot of land against a forfeiture of the same under the provisions of a will by a tenant for life, through non-payment of a sum of money required by the will to be paid by such life tenant, as a condition subsequent; there being in the will, no limitation over in case of forfeiture, and full compensation being possible, and being required by the court to be made by the remainder-men to the residuary devisees under the will, by the payment of the sum required, with interest.

Such relief given after the lapse of upwards of fifteen years from the time of condition broken, and notwithstanding a rise in the value of the land, where the life tenant had been suffered, during her life, and for nearly the whole period of the fifteen years, to continue in possession of the lot, and to receive the rents and profits of the same without enforcement of the forfeiture by the residuary devisees; and where, it was also proved, that the life tenant, being a *feme covert*, the residuary devisees had never apprised the trustee for her sole and separate use of the existence of trust, and he had only been casually informed of it about four months before her death, and about six months before the filing of the bill for relief.

BILL IN EQUITY by the plaintiffs, otherwise entitled to a lot of land in Fulton-street, Providence, to be relieved from a forfeiture of said lot, claimed under the provisions of the will of the late Caleb Westcott, of Warwick, deceased, in consequence of the non-payment to the executors of said will of the sum of $250 within four months after the death of the said Caleb.

The will, which was proved in November, 1839, gave the lot in question to Luke Greene, in trust, for the sole and separate use of the testator's daughter, Mary Carpenter, for her life, and the remainder in fee, to two of the daughters of the said Mary, or to the survivor of them, if either should die without leaving lineal descendants during the lifetime of the testator, with the following proviso : " Provided, however, and all the above devises of said lot in Providence are upon the condition, that the person or persons first entitled to said lot after my decease, shall pay to my executors hereinafter named, the sum of two hundred and fifty dollars, in four months after my decease." There was, in the will, no limitation over of the lot, in the event of the non-payment of said sum of $250 within the specified period; but the testator constituted his sons, the defendants, Josiah and Henry Westcott, his residuary devisees ; the other defendant claiming an interest in said lot by virtue of a conveyance from the said Henry Westcott.

It appeared in proof, that Mary Carpenter, the equitable tenant for life of said lot under said will, had been in possession of it prior to the death of the testator, and had been suffered by him to take the rents and profits of it during his life; that, after his death, she continued in possession of it down to her own death in May, 1854; that she had never paid any part of the $250, but that, according to the representation of her brothers, the residuary devisees, they had suffered her to remain in possession, notwithstanding the non-payment of that sum, in consequence of her indigent circumstances. There was some evidence tending to prove that she was never apprised by her brothers, the executors and residuary devisees, of the condition attached to her estate; but this was positively denied by the brothers. It was, however, proved, that they never apprised her trustee, Luke Greene, of his trust for her under said will, and that he was wholly ignorant of it until the 1st of January, 1854, about six months prior to the filing of the bill, when it casually came to his knowledge.

Upon the death of Mary Carpenter, the plaintiffs, entitled directly or derivatively to the remainder in fee in this lot under the will of the said Caleb Westcott, tendered to the residuary devisees and to the other defendant the $250, with compound interest reckoned on the same from the expiry of four months after the death of Caleb Westcott the testator, and upon the refusal of the sum tendered, in release of the forfeiture claimed, filed this bill asking relief against it, upon the payment of the sum of $250, with simple or compound interest, as the court might direct.

*B. F. Thurston* for complainant.

*Tillinghast & Bradley* for respondents.

Bosworth, J.[1] This case arises on a bill in equity, praying for relief from a forfeiture, for the non-performance of a condition annexed to a devise of land, under the will of Caleb Westcott. The case was heard at the last term, and held for advisement.

---

[1] This case was heard before Ames, C. J., came to the bench.

The devise in question is of a lot of land, in Fulton-street, in the city of Providence, to Luke Green, in trust for the testator's daughter, Mary Carpenter, during her life, and after her decease, to her daughters, Mary Ann Carpenter and Catharine A. Carpenter, (now Catharine A. Tilden,) in fee-simple. The condition is, that the person or persons first entitled to said lot, after the testator's decease, shall pay to the executors named in the will, the sum of $250, in four months after the testator's decease.

The executors of the will are residuary devisees and legatees of all the estate of the testator; and, with Catharine A. Westcott, (to whom one of the executors has conveyed all his interest in his father's estate,) are the defendants to this bill.

The testator died in the year 1839, and his will was proved in November of that year. Mary Carpenter was in possession of the estate, at the time of the testator's decease, and so continued to the time of her decease, in 1854. The said sum of $250 was not paid in four months after the testator's decease, nor afterwards, down to the time of the filing of this bill. The complainants have made tender of that sum, with compound interest, and asked to be relieved from the forfeiture. They allege in this bill, ignorance, accident, and mistake, as an excuse for the non-performance of the condition, by reason of which the estate is forfeited at law, and their readiness to make full compensation, by the payment of the original sum, with compound interest, which they have tendered to the executors.

The answers of the defendants urge against the prayer of the bill, the lapse of time and an alleged change of circumstances, denying that the complainants have been prevented by ignorance, accident, or mistake, from the performance of the condition, and claim the estate as forfeited, and resist the application for relief. They admit that the estate has been in possession of the said Mary Carpenter from the time of the testator's death up to the time of her decease; and say that they did not intend to disturb her in the possession of it during her life, on account of her destitute condition; but did not intend to waive their claim to the estate as forfeited.

The case, we think, is clearly a case of a devise, on condition subsequent, in which compensation can be made. In such a

case, courts of equity always relieve against a forfeiture. Especially, we think, should equity relieve in a case of this kind, arising under a will, where the intent of the testator should govern, if it can be, consistently with the rules that govern the decisions of courts of equity and law. What was here the intent of the testator? Clearly, that the estate should go to the devisees, charged with the payment of the sum of $250, in four months after his decease, or that his executors should have $250 out of this devise, and his devisees should have the estate. There is no devise over, to make a conditional limitation. If the testator had intended that the estate should go to his executors, in default of payment within the limited time, he might, by a special devise over to them, have so framed his will, that such a result would necessarily follow. The effect of making them his residuary devisees or legatees, is not such as, in law, to create a limitation. 1 Wils. 138; 5 Pick. Rep. 539.

The main objection to the courts granting the relief sought, as urged by the counsel of the respondents is, the lapse of time, and an alleged change of circumstances. In considering these objections, it is to be observed, that Mary Carpenter has always been in possession of the estate, since the testator's death. The respondents not only admit this, but they say they did not intend to disturb her possession during her life, because of their knowledge of her indigent condition. They therefore ought not now to complain of delay, because during this lapse of time they made no complaint; but on the contrary, having the power to enforce payment, by entering or claiming the estate for the forfeiture, they do not enter or claim; thus acquiescing in the delay, which they now urge as a bar to relief. If the complainants ought to have been relieved upon an earlier application, the respondents, in their answer, suggest a reasonable excuse for the delay, which seems to have been operative upon them, and ought therefore to be satisfactory to the court, viz: that Mary Carpenter was too poor to pay, and the executors thought so, and therefore did not ask for payment, nor disturb her in the possession of the estate.

And what is the change of circumstances which affects the

case, to render it inequitable now to grant relief? It is said the estate has now become more valuable. This change certainly does not operate to the damage of the respondents. Had there been an entry by the respondents for breach of the condition, and an improvement of the estate by them, by reason of which the estate had increased in value, and then the complainants had come here for relief from the forfeiture, this argument might have weight; but here the estate has risen in value in the hands of the complainants. This is advantageous to the complainants, but we do not see how it injures the defendants.

The testator intended the executors should have $250 out of this estate. This sum they get with interest, in full compensation for delay of payment; thus, in effect, receiving all that the testator apparently intended they should have. The change of circumstances is to the effect that the other party will suffer more loss by forfeiture than if entry had been made before, but not that the executors will have the less, a just compensation now. In fact, this rise in value of the land, in the hands of those to whom the testator intended it should go, by making greater the amount, over and above a just compensation, which a forfeiture would yield, renders more apparent the equity of affording relief.

This condition, according to the terms of the will, was to be performed by the person or persons who should first be entitled to the estate; and upon the testimony in the case, Luke Green, on whom, as trustee of Mary Carpenter, the performance devolved, was never informed that he was named in the will. To this fact he testifies himself, as also, that had he known of the condition, he would have performed it within the time. Add to this, the facts set out in the bill, that Mary Carpenter, for whose use during life the estate was vested in Luke Green, was, for a long time after the testator's death, a *feme covert*, and subsequently was in feeble health, and relied, at the time the condition should have been performed, and subsequently, on one of those executors, who was her brother, as her adviser, (which matters are not denied in the answer,) and we think the circumstances of the case make a strong appeal to the court for the exercise of equitable powers.

On the whole, the case, we think, is one in which a court of equity, according to the settled course of decisions, will, almost as a matter of course, relieve. Story's Equity Juris. §§ 1314, 1315, 1319; 2 Cruise's Dig.; Est. on Condit. 29, 30, 31. It comes within the restricted rule contended for by Lord Eldon, in *Hill* v. *Barclay*, 18 Ves. 56, that relief may be granted against a condition to pay money, where nothing else is to be done.